IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEREK A. TABBERT,

                Plaintiff,

v.

KATHLEEN WHALEN,

                Defendant.

OPINION & ORDER

17-cv-76-jdp

---

Plaintiff Derek A. Tabbert, an inmate confined at the Columbia Correctional Institution (CCI), brings this lawsuit alleging that defendant Kathleen Whalen, a nurse at CCI, failed to give him medical attention for a potential blood clot. Whalen has filed a motion for summary judgment based on Tabbert's failure to exhaust his administrative remedies regarding this claim.

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and "applies to all inmate suits." *Woodford v. Ngo*, 548 U.S. 81 (2006); *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion requirement's primary purpose is to "alert[ ] the state" to the problem "and invit[e] corrective action." *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004).

Section 1997e(a) requires "proper exhaustion," *Woodford*, 548 U.S. at 93; *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which means that the prisoner must follow prison rules when filing the initial grievance and all necessary appeals, "in the place, and at the time, the prison's administrative rules require." *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). "[A] prisoner who does not properly take each step within the administrative

process has failed to exhaust state remedies." *Pozo*, 286 F.3d at 1024. The Wisconsin Department of Corrections uses a four-step process called the Inmate Complaint Review System to review inmate grievances. *See* Wis. Admin. Code Ch. DOC 310.

Here, defendant Whalen contends that Tabbert failed to properly exhaust his administrative remedies by the time he filed his complaint in this action. More specifically, she presents a copy of Tabbert's grievance history, which shows that he filed a grievance about his interaction with Whalen on February 1, 2017, only a day before filing his complaint with this court. Although Tabbert eventually exhausted all four levels of the grievance system, that final exhaustion occurred months after he filed his complaint in this action. Tabbert did not file any materials in opposition to Whalen's motion, and so I must consider the facts she provides to be undisputed. The grievance history provided by Whalen is fatal to this lawsuit because inmates are required to exhaust their administrative remedies *before* filing a lawsuit. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (holding that a lawsuit must be dismissed "even if the plaintiff exhausts his administrative remedies while the litigation is pending"). Accordingly, I will dismiss this lawsuit without prejudice. *Id*. at 401 (dismissal for failure to exhaust is always without prejudice). That means that Tabbert is free to refile this lawsuit if he wishes, now that his claims are exhausted.

ORDER

IT IS ORDERED that:

1. Defendant Kathleen Whalen's motion for summary judgment based on plaintiff Derek A. Tabbert's failure to exhaust his administrative remedies, Dkt. 16, is GRANTED and this case is DISMISSED without prejudice.

2. The clerk of court is directed to enter judgment in defendant's favor and close this case.

Entered October 25, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge